UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

NUCLEAR FUEL SERVICES, INC.         )
                                    )
V.                                  )    NO. 2:04-CV-338
                                    )
IMPACT PLASTICS, INC., *ET AL.*     )


REPORT AND RECOMMENDATION

There now are pending two suits in this court involving these parties. The first suit is *Impact Plastics, Inc., et al. v. Nuclear Fuel Services, Inc.,* No. 2:02-CV-148. That suit found its way into federal court by virtue of federal-question jurisdiction. THE PARTIES CONSENTED TO THE MAGISTRATE JUDGE TO TRY THAT CASE. It was set for trial in the usual course of business and, before the trial date, the parties advised that they had submitted the case to mediation. Although a settlement agreement was executed, *no stipulation of dismissal was submitted, nor has a stipulation of dismissal been submitted as of this date.* Obviously, no order has been entered that in any way dismisses that case, i.e., 2:02-CV-148.

The settlement agreement referenced above is noteworthy for its lack of specificity in many, many areas. Indeed, but for one factor, the Court would hold that such a settlement agreement is merely an "agreement to attempt to agree" and therefore essentially no agreement at all. But there is one factor, however, that mandates a different conclusion: In paragraph IX of the settlement agreement, entitled "Arbitration", the parties agreed that "any dispute arising under this agreement, or under any

agreement or proceeding arising out of this agreement, shall be resolved by binding arbitration conducted by Roger W. Dickson as sole arbitrator . . . ." That provision, in the opinion of this Court, plugged the numerous holes in the settlement agreement; although the settlement agreement failed to specify any details, the parties agreed that those details would be submitted to binding arbitration by Mr. Dickson.

Months thereafter, the second suit was filed **in state court** by Nuclear Fuel Systems against Impact Plastics, et al. In that state court action, Nuclear Fuel sought a declaratory judgment to the effect that there was no "meeting of the minds" of the parties in case No. 2:02-CV-148 regarding the settlement agreement and therefore the suit was not settled at all. Impact Plastics promptly removed that state court action to federal court, and it bears case No. 2:04-CV-338. Obviously, the parties have not consented in that case and, unless they do so, it will remain District Judge Greer's case. It is at this point where paradox begins to be heaped upon paradox.

Nuclear Fuel Systems, the plaintiff in the declaratory judgment action (No. 2:04-CV-338), has filed a motion to remand[1] the case back to state court, insisting that there is no federal question involved, that there is no diversity, and therefore this Court is utterly without jurisdiction to try the issues raised in that suit. District Judge Greer subsequently referred the motion to remand to the Magistrate Judge for a report and recommendation.

Oral argument was held on November 9, 2004.

---

[1] Doc. 7.

For the reasons discussed hereafter, the Magistrate Judge is of the opinion that the motion to remand should be denied.

Nuclear Fuels primarily relies upon *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994). In *Kokkonen*, the underlying suit in federal district court was settled; a settlement agreement was executed, and a stipulation of dismissal was filed. Moreover, the district judge signed an order of dismissal. Thereafter, a dispute arose between the parties regarding the interpretation of a particular provision of the settlement agreement, and one of the parties filed a motion in the original district court action to enforce that settlement agreement. The district judge construed and then enforced the settlement agreement, holding that he had inherent authority to do so. The Supreme Court reversed, holding in effect that all the parties presented to the Court at that point was a basic contract suit (i.e., how a provision of the settlement contract should be interpreted), which was no business of the federal court.[2] The following language of the Supreme Court should be noted: "the only order here was that the suit be dismissed, a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement." 511 U.S. at 380. In light of the cases now before this Court, the disposition of the original suit (i.e., No. 2:02-CV-148) could be "imperiled."

---

[2]*Kokkonen* was originally filed as a diversity action. *Kokkonen* does not state if diversity still existed at the time of the subsequent settlement-contract dispute; presumably it did. If it did, the *Kokkonen* opinion must be read as standing for the proposition that a "motion to re-open" a previously-dismissed case is an inappropriate vehicle to interpret or enforce a settlement agreement that resulted in the dismissal of the underlying suit. Presumably, an *independent* action, either originally filed in district court or removed from state court, would be cognizable in federal court assuming that there was diversity of citizenship and the monetary jurisdictional limits were met.
3

For example, if it is remanded to state court, it could be literally years before this Court knows whether or not No. 2:02-CV-148 has been settled. If the state court ultimately holds that the case was not settled, then this Court will have to try 2:02-CV-148 since, rather obviously, it remains pending. On the other hand, if the state court says that it was settled, then an order of dismissal should be entered at that time. In other words, the federal court will be held hostage to the time-table of the state court, as well as to the ultimate decision of whether the case was settled. Moreover, this Court now has pending before it in case No. 2:02-CV-148 a motion to enforce, on an emergency basis, at least a portion of the putative settlement agreement. Should this Court entertain such a motion, or should it wait three to five years for the state court action to become final? And what if this Court should determine that it has jurisdiction to enforce the settlement agreement (which, in reality, is the arbitrator's decision), but some time later the state court says that there was no meeting of the minds? Who would be right, and who would be wrong, and which Court should defer?

The same conundrum exists even if this report and recommendation is adopted by District Judge Greer, since this case (2:04-CV-338) is Judge Greer's case. What should the Magistrate Judge do in case No. 2:02-CV-148: Should he wait on Judge Greer to determine the issue of the "meeting of the minds," which presents precisely the same problem if No. 2:04-CV-338 is remanded to state court? Or should the Magistrate Judge proceed to enter his own orders (e.g., to enforce or not a portion of the arbitrator's award), notwithstanding the possibility exists that the District Judge

4

and the Magistrate Judge could enter mutually antagonistic orders regarding the same issue?

By way of reiteration, in *Kokkonen*, the underlying suit was utterly concluded and the suit was dismissed. Here, in No. 2:02-CV-148, the underlying suit is *not concluded*, or at least so insists Nuclear Fuel Services; indeed, Nuclear Fuel Services maintains that it was never settled at all because there was no meeting of the minds. Consider the permutations: If *Kokkonen* applies, as Nuclear Fuel Services argues, then it follows that this Court should simply dismiss the underlying suit, *viz*, 2:02-CV-148. Doing so immediately produces a paradox – a state court judge would subsequently determine whether the suit in this Court in fact was settled, or not. If "not," that would mean that 2:02-CV-148, which long since would have been dismissed, should *not* have been dismissed. The alternative to such a bizarre situation would be for this Magistrate Judge to keep 2:02-CV-148 open indefinitely, awaiting a ruling by the state court or, as the case may be, by District Judge Greer, in 2:04-CV-338. All this is well outside the situation contemplated by *Kokkonen*.

Also, it should be noted that the Supreme Court in *Kokkonen* expressly approved retention of federal court jurisdiction if the parties agreed. Bearing in mind that the underlying *Kokkonen* case was actually dismissed, whereas the underlying case in this court has not been dismissed, this Court is sincerely of the opinion that *Kokkonen* is easily distinguishable for the reason discussed in footnote 1, *supra*. Indeed, this convoluted situation aptly illustrates the *Kokkonen* court's language that suggests that the

5

exercise of the federal court's ancillary jurisdiction is appropriate when the federal court's disposition is imperiled by breach of a settlement agreement. Doing as Nuclear Fuel Services insists – remanding the declaratory judgment to state court – undeniably imperils the business of this Court simply because, if for no other reason, this Court will be held hostage by the rulings of the state court and the timing of those rulings.

And there is yet another and very practical matter to consider: Even if the declaratory judgment action remains in state court, this Magistrate Judge perceives of no impediment to this Court proceeding to rule upon No. 2:02-CV-148, *which is still pending in this Court*. It bears repeating, 2:02-CV-148 has not been dismissed. The Magistrate Judge either must try it, or dismiss it. As already discussed, if it is dismissed, such would be a tacit acknowledgment that the case was settled which is – again paradoxically – precisely contrary to what Nuclear Fuel argues. The Magistrate Judge does not intend to dismiss the case solely because Nuclear Fuel implicitly argues in one breath that it was settled (by its reliance on *Kokkonen)*, yet explicitly argues in the next breath that it is not settled. If this Court dismisses 2:02-CV-148, it must be because the *Magistrate Judge* finds that it was settled; such a decision necessarily will entail a finding that there was a meeting of the minds regarding the settlement agreement sought to be enforced. But if the Magistrate Judge finds to the contrary in 2:02-CV-148 – that there was no meeting of the minds and therefore the case was not settled – then it necessarily follows that 2:02-CV-148 must be set for trial, and tried it will be.

For the reasons set forth above, it is respectfully recommended to the

District Judge that the motion to remand by Nuclear Fuel Services, Inc., be DENIED and that this Court retain jurisdiction of that case.

Although what follows admittedly is beyond the scope of the order of reference to the Magistrate Judge, it is further respectfully recommended to the District Judge that case No. 2:04-CV-338 be consolidated with No. 2:02-CV-148 and assigned to the Magistrate Judge for disposition. The rationale for that recommendation is as follows: The issues raised in the declaratory judgment action – whether there was a meeting of the minds and therefore a settlement of 2:02-CV-148 – are precisely the same issues that the Magistrate Judge must address and then decide in 2:02-CV-148, over which the Magistrate Judge has jurisdiction by virtue of consent of the parties, which issues the Magistrate Judge sincerely believes he is required to hear and dispose of. If District Judge Greer adopts the basic recommendation of the Magistrate Judge that 2:04-CV-338 not be remanded to state court, this court will have two suits pending before it, presided over by two different judges, which suits involve the same issue, *viz*, whether or not there was a meeting of minds regarding the settlement of 2:02-CV-148. To maintain these suits separately raises the specter of conflicting orders and judgments. The anomaly presented by this situation easily can be remedied by consolidating the latter case with the earlier case simply because, one way or the other, the Magistrate Judge will be required to dispose of precisely the same issues in 2:02-CV-148.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and

(C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). The objecting party shall procure and file simultaneously with the objections a transcript of any testimony before the Magistrate Judge. If a transcript is not filed simultaneously with the objections, the party filing the objections shall either (1) file a declaration that the transcript was ordered before the objections were filed and the date on which the party expects the transcript to be filed, **or** (2) affirmatively state that a transcript of the testimony presented to the Magistrate Judge is not needed for resolution of the objections. If a party files objections to this report and recommendation, the attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery or facsimile transmission. The opposing counsel shall file his/her response to the objections within five business days of the date the objections are filed.

                                            Respectfully submitted,

                                            s/ Dennis H. Inman
                                            United States Magistrate Judge